WOOD CRAPO LLC
Larry S. Jenkins #4854
G. Troy Parkinson #9011
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone (801) 366-6060

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALTERNATIVE OPTIONS AND SERVICES FOR CHILDREN, a Utah non-profit corporation, dba ACT OF LOVE, ADOPTION CENTER OF CHOICE, INC., a Utah corporation, and A TLC ADOPTION, a Utah corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHAPMAN, in his official capacity as Compact Administrator of the Interstate Compact on Placement of Children; ROBIN ARNOLD-WILLIAMS, in her official capacity as Executive Director of the Utah Department of Human Services; JANICE P. KNAPHUS, in her official capacity as Licensing Specialist in the Office of Licensing of the Utah Department of Human Services; and the UTAH DEPARTMENT OF HUMAN SERVICES, a governmental department of the State of Utah,<br><br>Defendants. | ***COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF***<br><br>2:01CV - 983<br><br>Civil No. _____ |

Plaintiffs Alternative Options and Services for Children, a Utah non-profit corporation, dba Act of Love, Adoption Center of Choice, Inc., and A TLC Adoption, Inc. bring this complaint for declaratory and injunctive relief against defendants Michael Chapman, in his official capacity as Compact Administrator of the Interstate Compact on Placement of Children, Robin Arnold-Williams, in her official capacity as Executive Director of the Utah Department of Human Services, Janice P. Knaphus, in her official capacity as a Licensing Specialist in the Office of Licensing of the Utah Department of Human Services, and the Utah Department of Human Services, a governmental department of the State of Utah, and complain and allege as follows:

## PARTIES, VENUE AND JURISDICTION

1. Plaintiff Alternative Options and Services for Children, dba Act of Love ("Act of Love") is a Utah non-profit corporation and is a licensed child-placing agency in the state of Utah.

2. Plaintiff Adoption Center of Choice, Inc. ("Adoption Center"), is a Utah corporation and is a licensed child-placing agency in the state of Utah.

3. Plaintiff A TLC Adoption, Inc. ("TLC") is a Utah corporation and is a licensed child-placing in the state of Utah.

4. Defendant Michael Chapman ("Chapman") is an individual residing in the state of Utah and, upon information and belief, has been appointed as the Compact Administrator responsible for coordination of all activities under the Interstate Compact on Placement of Children (Utah Code § 62A-4a-701, hereinafter "ICPC") for the state of Utah.

2

5. Defendant Robin Arnold-Williams ("Arnold-Williams") is an individual residing in the state of Utah and is the Executive Director of the Utah Department of Human Services, the department of Utah government responsible for activities under the ICPC.

6. Defendant Janice P. Knaphus ("Knaphus") is an individual residing in the state of Utah and is a Licensing Specialist in the Office of Licensing of the Utah Department of Human Services with oversight responsibilities for adoption agencies.

7. Defendant Utah Department of Human Services (the "Department"), is the department, through its Division of Child and Family Services, responsible for accepting and reviewing information submitted in connection with placement of children across state lines pursuant to the ICPC, and is also responsible, through its Office of Licensing, for licensing adoption agencies.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201 in that plaintiffs seek a declaration that Chapman, Arnold-Williams, Knaphus, and the Department have and will continue to interpret and enforce the ICPC in a manner inconsistent with rights protected under the Constitution of the United States. Plaintiffs also seek injunctive relief to preclude defendants from continuing to infringe constitutional rights.

9. Pursuant to 28 U.S.C. § 1367, the Court also has jurisdiction over the other claims asserted by plaintiffs because they are so related to the federal constitutional claim that they form part of the same case or controversy.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that all defendants reside in the state of Utah.

3

## COMMON ALLEGATIONS

11. The ICPC is uniform legislation in force in all 50 states. It requires agencies, entities, and persons seeking to place children across state lines to obtain prior approval for placements. The approval process requires the party placing the child to give notice of the placement to the ICPC administrator and other appropriate public authorities. An evaluation of the suitability of the placement is performed to determine if it is in the best interest of the child to approve the placement.

12. As licensed child-placing agencies, plaintiffs are charged by the state of Utah with the responsibility to protect the best interests of the children who are relinquished to them for adoption. Plaintiffs are required to follow certain regulations designed to protect the children, the birth parents, and adoptive parents in the adoption process. Thus, plaintiffs are charged with protecting the same interests the ICPC seeks to protect.

13. Plaintiffs are often contacted by expectant mothers outside of the state who are contemplating placing their expected children for adoption.

14. Sometimes, to facilitate the adoption process, these non-resident expectant mothers travel to Utah to obtain pre-natal services and care necessary to deliver the child safely.

15. The children are then delivered in Utah facilities and may be placed for adoption through plaintiffs' agencies, although each birth mother retains the right to keep her baby until she actually signs a relinquishment or consent to adoption, which cannot occur until at least 24 hours after the baby is born.

16. A substantial part of plaintiffs' businesses involve expectant birth mothers who travel to Utah to deliver their babies and to place them for adoption.

17. Defendants have taken the position that the ICPC must be complied with for an expectant mother to travel to Utah to deliver her child in Utah.

18. Defendants takes their interpretation from a June 30, 1986 opinion issued by the Secretariat of the Association of Administrators of the Interstate Compact on the Placement of Children, Secretariat Opinion #49 ("Opinion #49").

19. Opinion #49 does not have the force of law and has not been adopted as the law in Utah.

20. In 2000, Knaphus, on behalf of the Office of Licensing and at Chapman's instruction, cited Act of Love for a licensing violation for failing to obtain prior approval before an expectant mother was brought into the state of Utah to deliver her child. The Office of Licensing dropped the violation after Act of Love questioned the application of the ICPC to the situation and pending receipt of guidance from the Utah Attorney General.

21. Recently, however, on November 21, 2001, an attorney for the Department of Human Services wrote to an attorney for Act of Love that "the Office of Licensing has been instructed, as of November 19, 2001, to enforce those [ICPC] requirements with regard to all licensed child placing agencies." This language referred to requiring agencies to obtain ICPC approval when helping an expectant birth mother travel to Utah.

22. This letter resulted from guidance received by Arnold-Williams from an assistant Utah Attorney General recommending that the Department use Opinion #49 "as guidance for the department's regulatory actions, specifically for the Office of Licensing and the Division of Child and Family Services."

23. Similarly, on December 3, 2001, Knaphus sent a letter to each plaintiff informing them that as of November 19, 2001, the Office of Licensing and the Department "have been directed to utilize [Opinion #49] on all regulatory and licensing actions concerning child placing agencies where expectant mothers residing in another state travel to Utah to give birth and place their child for adoption."

24. Pursuant to the ICPC, a violation of its provisions can result in the suspension or revocation of plaintiffs' licenses as child-placing agencies.

25. Plaintiffs have standing to bring this action because they are threatened with enforcement action, and the potential suspension or revocation of the licenses, by defendants if they fail to comply with Opinion #49 when bringing an expectant birth mother into the state of Utah to give birth.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment—Violation of the Constitutional Right to Travel)

26. Plaintiffs restate and reallege all preceding paragraphs and incorporate the same here by this reference.

27. The right of an individual to travel from state to state and enjoy the privileges and immunities of each state is guaranteed by Article IV, Section 2, clause 1, and the Fourteenth Amendment to the Constitution of the United States.

28. The interpretation of the ICPC made by Opinion #49 and adopted by defendants infringes on the right of an expectant mother contemplating adoption to travel interstate. The interpretation imposes a penalty on expectant mothers traveling state to state by

requiring compliance with the ICPC when the expectant mother desires to travel to another state to deliver her child and to place it for adoption.

29. Expectant mothers from Utah do not have to go through these same ICPC approval procedures to place their children with plaintiffs's agencies.

30. Plaintiffs' equal protection rights are also infringed in that the Department has not stated an intention to enforce Opinion #49 as to private adoptions occurring in similar circumstances.

31. Because Opinion #49's interpretation of the ICPC and the consequent requirements defendants have imposed upon plaintiffs impair expectant mothers' constitutional rights to travel, the interpretation should be declared unconstitutional, and defendants, and those acting in concert with them, should be enjoined from enforcing the interpretation.

## SECOND CAUSE OF ACTION
**(Declaratory Judgment—Statutory Construction)**

32. Plaintiffs restate and reallege all preceding paragraphs and incorporate the same here by this reference.

33. The ICPC applies only when a "child" from another state is brought or sent to any other state for placement in foster care or preliminarily for a possible adoption.

34. The ICPC defines "child" as "a person who, by reason of minority, is legally subject to parental, guardianship, or similar control." ICPC, Article II(1). The definition of "child" in the ICPC does not include a fetus or an unborn child.

7

35. The ICPC further requires the party placing a child across state lines to give notice, containing, among other things, the name, date, and place of birth of the child, and the identity and address or addresses of the parents or legal guardian. ICPC, Article III(2).

36. When an expectant mother travels to Utah, the "child" to be placed for adoption is not "brought" or "sent" under the ICPC, and the child never becomes a resident of another state. Rather, the child is born in and is a resident of Utah. The child is, therefore, not brought to Utah across state lines and the ICPC does not apply.

37. Indeed, until the child is relinquished to one of plaintiffs' agencies, the child is not subject to placement and remains in the legal custody and control of the birth mother.

38. Furthermore, Utah Code Ann. § 78-30-15.1 provides that the ICPC only must be complied with in an adoption proceeding when the child is born out of state.

39. Plaintiffs are entitled to a declaration from this Court finding that the ICPC does not apply to situations where an expectant mother travels to Utah and delivers a child here.

### THIRD CAUSE OF ACTION
### (Injunctive Relief)

40. Plaintiffs restate and reallege all preceding paragraphs and incorporate the same here by this reference.

41. Opinion #49's interpretation of the ICPC infringes on the constitutional rights of expectant birth mothers and is also contrary to the language of the ICPC and Utah law.

42. This interpretation is being enforced by defendants through requirements placed upon licensed child-placing agencies such as plaintiffs, and plaintiffs have been told they must comply with the interpretation effective November 19, 2001.

43. A significant part of plaintiffs' businesses involve non-resident, expectant birth mothers who deliver their babies in Utah for adoption.

44. Plaintiffs will be irreparably harmed if Opinion #49 is enforced against them.

45. Plaintiffs have no adequate legal remedy and must resort to the equitable remedy of injunctive relief. .

46. Defendants, and all those acting in concert with defendants, should be enjoined, preliminarily and permanently, from enforcing Opinion #49 and their unconstitutional and invalid interpretation of the ICPC.

WHEREFORE, plaintiffs prays for the following relief:

a. For a declaration that Opinion #49's interpretation of the ICPC is unconstitutional in that it burdens a birth mother's right to travel, which is guaranteed by the Constitution of the United States.

b. For a declaration that the ICPC does not apply when an expectant mother travels to Utah to give birth in Utah.

c. For preliminary and permanent injunctive relief against defendants, and all those acting in concert with them, from enforcing Opinion #49.

d. For attorney fees and costs of this action as may be allowed by law.

e. For such other and further relief as this Court deems just and equitable.

DATED this 10 day of December, 2001.

                       WOOD CRAPO LLC

                       Larry S. Jenkins
                       Attorneys for Plaintiffs

Plaintiffs' Addresses:

Act of Love
9561 South 700 East, Suite 101
Sandy, Utah 84070

Adoption Center of Choice, Inc.
241 West 520 North
Orem, Utah 84057

A TLC Adoption
316 West 850 South
Layton, Utah 84041

S:\WPDATA\PLEADING\ACT OF LOVE.CHAPMAN.COMPLAINT.wpd