WOOD CRAPO LLC
Larry S. Jenkins #4854
Richard J. Armstrong #7461
G. Troy Parkinson #9011
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone (801) 366-6060

FILED
CLERK U.S. DISTRICT COURT
-8 JUL 02 PM 3: 07
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK



Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALTERNATIVE OPTIONS AND SERVICES FOR CHILDREN, a Utah non-profit corporation, dba ACT OF LOVE, ADOPTION CENTER OF CHOICE, INC., a Utah corporation, and A TLC ADOPTION, a Utah corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CHAPMAN, in his official capacity as Compact Administrator of the Interstate Compact on Placement of Children; ROBIN ARNOLD-WILLIAMS, in her official capacity as Executive Director of the Utah Department of Human Services; JANICE P. KNAPHUS, in her official capacity as Licensing Specialist in the Office of Licensing of the Utah Department of Human Services; and the UTAH DEPARTMENT OF HUMAN SERVICES, a governmental department of the State of Utah,<br><br>Defendants. | ***ORDER***<br><br>Civil No. **2:01 CV 983 J** |

32

This matter is before the court on cross motions for Summary Judgment. A hearing on the motions was held on June 7, 2002. At the hearing, plaintiffs were represented by Larry S. Jenkins, and defendants were represented by Craig L. Barlow and Joel A. Ferre.

## I. BACKGROUND

Plaintiffs are licensed child placing agencies operating in the state of Utah. Defendants Michael Chapman, Janice P. Knaphus and Robin Arnold-Williams are employees of defendant Utah Department of Human Services (the "Department"), the state agency with oversight responsibilities for adoption agencies and activities under the Interstate Compact on the Placement of Children (the "ICPC"), Utah Code Ann § 62A-4a-701. The ICPC is uniform legislation in force in all fifty states and it deals with the placement of children across state lines.

Plaintiffs claim that Utah's interpretation of the ICPC impairs expectant mothers' constitutional right to travel, and by their Motion for Summary Judgment, plaintiffs seek an order that the ICPC"s provisions do not apply when an expectant mother travels to Utah from another state and delivers a child in Utah which she then places for adoption through one of plaintiff agencies. Defendants argue through their Motion for Summary Judgment that plaintiffs lack standing to challenge defendants' interpretation of the ICPC because plaintiffs are not expectant birth mothers traveling interstate. Defendants also argue that plaintiffs lack standing because plaintiffs have suffered no injury in fact, that plaintiffs complaints are not redressable by the Court, and that plaintiffs' request is one for an advisory opinion.

Having reviewed the pleadings, the memoranda and materials submitted by the parties, having heard oral arguments of counsel, and good cause appearing, the Court enters the following Order:

## ORDER

IT IS HEREBY ORDERED AND ADJUDGED:

1. That Defendants' Motion for Summary Judgment is GRANTED. The court finds that plaintiffs lack standing. As such plaintiffs' complaint is dismissed without prejudice.

2. That Plaintiffs' Motion for Summary Judgment is DENIED.

3. That the Stipulated Preliminary Injunction and Order signed by the Court on February 6, 2002 is VACATED.

DATED this _8th_ day of July, 2002.

BY THE COURT:

Bruce S. Jenkins
U.S. District Court Judge

kam

United States District Court
for the
District of Utah
July 9, 2002

\* \* CERTIFICATE OF SERVICE OF CLERK \* \*

Re:  2:01-cv-00983

True and correct copies of the attached were either mailed or faxed by the clerk to the following:

    Larry S. Jenkins, Esq.
    WOOD CRAPO LLC
    60 E SOUTH TEMPLE STE 500
    SALT LAKE CITY, UT  84111
    JFAX 9,3666061

    Mr. Craig L. Barlow, Esq.
    UTAH ATTORNEY GENERAL'S OFFICE
    236 STATE CAPITOL
    SALT LAKE CITY, UT  84114
    JFAX 9,5381699